## McKown's Estate.

*Wills—Bequest of money—Proceeds of sale of real estate.*

The proceeds of the sale of real estate received by an executor from the holder of an option to purchase, who exercises it after the decease of the testatrix, are not money in possession or subject to the order and control of the testatrix, at the time of her decease, and therefore do not pass to the legatees to whom the testatrix bequeathed, "all of the money that I may have at the time of my decease, whether on deposit in bank or in my personal possession or subject to my order and control."

Argued Oct. 18, 1918. Appeal, No. 117, Oct. T., 1918, by John W. McKown and Lennie J. McKown, from decree of O. C. Allegheny Co., April T., 1918, No. 131, distributing money realized from the sale of certain real estate, in the estate of Elizabeth C. McKown, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Appeal dismissed.

Exceptions to a decree of auditing judge making distribution of funds. Before TRIMBLE, J.

From the record it appeared that the question involved was whether part of the testatrix's estate representing proceeds of sale of real estate optioned by testatrix during her life and received by the executor after her decease should be distributed as money under the terms of the will.

The terms of the will appear in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*George W. Herriott,* for appellants.—A contract of sale works a conversion which takes place at the time the contract of sale is executed. The acceptance of an option relates back and takes effect as of the date of the contract: Kerr v. Day, 14 Pa. 112; Bender et al. v. Luckenbach, 162 Pa. 18; Peoples St. Ry. Co. v. Spencer, 156 Pa. 85; White's Estate, 167 Pa. 206.

Proceeds of sale were money within the meaning of the tenth clause of the will.

Every word or phrase in the will should be given some force and effect: Schott's Est., 78 Pa. 40; Wood v. Schoen, 216 Pa. 425.

*Fred Shoemaker,* of *Shoemaker & Knoell,* with him *A. E. Kountz, Robert F. Malone,* and *J. T. Lazear,* for appellees.—A bequest of money means cash: Schuler on Wills, Section 505; Carr's Est., 13 Pa. C. C. 643; Wilkinson's Est., 192 Pa. 127.

Per Curiam, January 4, 1919:

The tenth paragraph of the will of Elizabeth McKown, who died February 2, 1917, is: "All of the money that I may have at the time of my decease; whether on deposit in bank or in my personal possession or subject to my order and control, I give and bequeath to John W. McKown and Lennie J. McKown, his wife, of Los Angeles, California, (John W. McKown being a nephew of my deceased husband) and I direct that no account shall be taken by my executor, of any money received by me from the estate of my deceased husband and expended or disposed of by me during my lifetime." On July 1, 1916, the testatrix gave an option to a lessee of a part of her real estate to purchase the same at any time prior to June 1, 1917. The offer was accepted some time during that month, nearly five months after the death of the testatrix, and the executors subsequently received the purchase money. The appellants claim it under the above quoted tenth clause of the will of the testatrix.

The proceeds of the sale claimed by them were not money in the possession or subject to the order and control of the testatrix at the time of her death, and could not have been so, if she had lived, until the acceptance of the option, and, under her clearly expressed intention as to just what the appellants were to receive from her estate, the learned court below properly dismissed their claim.

Appeal dismissed at appellants' costs.